NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 27 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SIYANG XIANG,<br><br>                Petitioner,<br><br>   v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>                Respondent. | No. 19-71847<br><br>Agency No. A087-841-215<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 5, 2021
Pasadena, California

Before:  SILER,[**] HURWITZ, and COLLINS, Circuit Judges.

Petitioner Siyang Xiang petitions for review of the order of the Board of

Immigration Appeals ("BIA") upholding the denial by the immigration judge

("IJ") of his application for asylum.[1]  We have jurisdiction under § 242 of the

Immigration and Nationality Act, 8 U.S.C. § 1252.  "We review factual findings,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Eugene E. Siler, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

[1] As the BIA noted, Xiang withdrew his applications for withholding of removal and for relief under the Convention Against Torture.

including adverse credibility determinations, for substantial evidence." *Mukulumbutu v. Barr*, 977 F.3d 924, 925 (9th Cir. 2020). We deny the petition.

1. In upholding the IJ's finding that Xiang was not credible, the BIA cited three of the IJ's reasons, and each of them is supported by substantial evidence in the record. *See Shrestha v. Holder*, 590 F.3d 1034, 1042 (9th Cir. 2010).

First, the IJ concluded that Xiang's testimony that he had stayed with his parents in the "far south of China" from the time of his alleged release from detention until his departure to the United States was contradicted by email communications showing that he had traveled to the northeast of China during that period. When confronted with the discrepancy, Xiang claimed that he had simply forgotten about this trip, which he said was to visit his grandparents. The IJ considered this explanation but did not accept it, and the record does not compel a contrary conclusion. *See Manes v. Sessions*, 875 F.3d 1261, 1263 (9th Cir. 2017) ("Because credibility determinations are findings of fact by the IJ, they are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.") (citations and internal quotation marks omitted); *see also* 8 U.S.C. § 1252(b)(4)(B).

Second, the IJ noted that Xiang's light-hearted state of mind as reflected in his contemporaneous email communications with his then-fiancée was inconsistent with his claim that, during that timeframe, he was "desperate" and "devastated,"

"living in fear" of Chinese authorities, and "scared every single day." When questioned, Xiang claimed that he had lied to his fiancée so as not to scare her. The IJ found this explanation to be unpersuasive, and the record does not compel a contrary conclusion. *See Manes*, 875 F.3d at 1263.

Third, the IJ noted that, when confronted with the discrepancy about being in the northeast of China at the same time he was supposedly living in fear with his parents in the south, Xiang "became quiet and slow to answer," which the IJ concluded was an "attempt to construct a logical response to explain" the contradiction. Xiang attributed the long pause and hesitation to memory difficulties, but the IJ was not compelled to accept that explanation. *See Manes*, 875 F.3d at 1263 ("These are specific, first-hand observations—precisely the kind of credibility cues that are the special province of the factfinder."); *Khadka v. Holder*, 618 F.3d 996, 1000 (9th Cir. 2010) (noting that "[w]e accord special deference to an IJ's credibility determination").

Taken together, these findings provide substantial evidence to support the agency's adverse credibility determination.

2. Substantial evidence also supports the agency's determination that Xiang's other evidence neither rehabilitated his credibility nor independently supported his claims. In particular, the agency permissibly concluded that there was an inadequate foundation for the documents from China that Xiang submitted.

3

Given Xiang's "own lack of credibility," the IJ was unwilling to accept his testimony that the documents were authentic; the documents had "not been verified" by any other trustworthy source; and the authors of the documents were not available for cross-examination. The BIA upheld that reasoning, and the "record does not compel a conclusion to the contrary." *Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014).

"Without credible testimony or sufficient corroborating evidence," Xiang's asylum claim was properly rejected. *Mukulumbutu*, 977 F.3d at 927.[2]

The petition for review is **DENIED**.

---

[2] Before the BIA, Xiang did not contend that country conditions evidence and his religious activities in the U.S. independently established a well-founded fear of future persecution, nor did he contend that the hearing testimony of a family friend who introduced him to his fiancée was sufficient to rehabilitate his credibility concerning the problematic aspects of his testimony (which she did not address). We therefore lack jurisdiction to consider these contentions. *See Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc).